## UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | Chapter 13 |
| Peter Bono | Bankruptcy No. 17-17712-mdc |
| Debtor | Hearing Date & Time: 5/28/19 at 10:30 a.m. |

<u>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR CO-DEBTOR RELIEF</u>

U.S. Bank Trust National Association, as Trustee for the Cabana Series III Trust, Movant/Creditor, by and through its attorney, Tucker Arensberg, P.C., moves this Court for an Order granting relief from stay provided by 11 U.S.C. §362 stating as follows:

1. On November 13, 2017 (the "Petition Date"), Peter Bono (the "Debtor") filed his voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") at bankruptcy case number 17-17712-mdc (the "Case").

2. This matter is a core proceeding and this Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. §1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Movant seeks relief pursuant to 11 U.S.C. § 362(d) and FRBP 4001 and 9014.

3. On or about September 19, 2005, the Debtor and Melissa A. Bono (the "Co-Debtor") borrowed $225,000.00 from Citizens Bank, pursuant to the terms of a Note. A true and correct copy of the Note is attached as Exhibit "A".

4. As security for repayment of said obligation, the Debtor and Co-Debtor executed a Mortgage in favor of Citizens Bank of Pennsylvania, with respect to certain real property owned by the Debtor and Co-Debtor located at 619 Andrew Road, Springfield, PA 19064 (the "Property") and recorded in the Office of the Recorder of Deeds of the Delaware on October 14, 2005, at Document No. 2005099421, in Book No. 03626, at Page 0787 (the "Mortgage"). A true and correct copy of the Mortgage, along with the Assignments of Mortgage transferring the lien to Movant, is attached as Exhibit "B".

5. The Debtor believes and avers that the fair market value of the Property is approximately $302,700.00, pursuant to Debtor's Schedule A.

6. Debtor and Co-Debtor are currently in default of the Note and Mortgage for failure to make the post-petition payments when due rendering the obligation due for the October 23, 2018, through and including April 23, 2019, payments in the total amount of $15,087.61.

7. The payoff amount good through May 17, 2019 is $105,768.36.

8. Pursuant to the Debtor's Amended Chapter 13 Plan filed on November 28, 2018, the Debtor is to be making payments directly to Movant.

9. Section 362(a) of the Bankruptcy Code defines the scope of the automatic stay and provides, in pertinent part: "[A] petition filed under . . . this title . . . operates as a stay . . . of

> (1) The commencement . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> * * *
>
> (3) Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate

11 U.S.C. § 362(a)(1), (3).

10. Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay -
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a), if -
> >
> > > (A) the debtor does not have an equity in such property; and

      (B) Such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d).

11. Movant believes and therefore avers that there is good cause to grant relief from the automatic stay, including lack of adequate protection for Movant's secured claim in the indebtedness based on the following:

  A. the Debtor and Co-Debtor have not made regular post-petition payments to Movant and are due for the October 23, 2018, payment through and including April 23, 2019, payment; and

  B. Movant's interests in the Property are not adequately protected.

12. Pursuant to 11 U.S.C. § 362 the Movant is entitled to relief from the automatic stay.

13. Further, upon information and belief, the Debtor and Co-Debtor remain in possession of the property.

14. Therefore, Movant also seeks relief from the co-debtor stay imposed by 11 U.S.C. § 1301, as against Melissa A. Bono.

WHEREFORE, U.S. Bank Trust National Association, as Trustee for the Cabana Series III Trust prays this Honorable Court enter the attached Order which grants the Movant relief from the automatic stay and for co-debtor relief and Movant prays for such further relief as this Court deems just and proper.

      Respectfully submitted,

      TUCKER ARENSBERG, P.C.

      By */s/ Jillian Nolan Snider*
      Jillian Nolan Snider, Esquire, PA Id # 202253
      1500 One PPG Place
      Pittsburgh, PA 15222
      (412) 566-1212
      Attorney for U.S. Bank Trust National Association, as Trustee for the Cabana Series III Trust